IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| ALONZO L. KEY, | * |
| | * |
| Plaintiff, | * |
| | * |
| v. | *   Civil Case No. 1:23-cv-01141-SAG |
| | * |
| PORTS AMERICA CHESAPEAKE, LLC, | * |
| | * |
| Defendant. | * |
| | * |

\* \* \* \* \* \* \* \* \* \* \* \* \*

## MEMORANDUM OPINION

Plaintiff Alonzo L. Key ("Plaintiff"), who is self-represented, filed a Third Amended Complaint ("TAC") against Defendant Ports America Chesapeake, LLC ("PACL"), asserting discrimination pursuant to Title VII of the Civil Rights Act of 1964. ECF 15. PACL has filed a motion to dismiss the TAC. ECF 17. Despite receiving notice of the dispositive motion and an opportunity to respond, ECF 18, Plaintiff has not responded and the deadline has now expired. No hearing is necessary. *See* Loc. R. 105.6 (D. Md. 2023). For the reasons that follow, PACL's motion will be granted.

I. FACTS ALLEGED IN THE TAC

The entirety of the facts alleged in the TAC are as follows:

On Feb 2015, I was advised by a Ports of America Chesapeake[,] LLC [illegible] acting gang carrier that I will not be allowed to operate the crane at Seagirt Marine Terminal. On August 18, 2015 I was told by Jack Roeckell (Terminal Manager of P.A.G.B. that I will not be allowed to operate a crane at Seagert Marine Terminal and I was send [sic] home and replaced with a Caucasian crane operator. (William L. Young). On November 26[,] 2015 I was advised that I would be paid (not to operate). This action did not allow me to make hours towards the 100 hour crane operator commitment letter which I signed. (If an operator did not maintain 100 working hours for the first two years after crane training, the individual would be uncertified as a crane operator.) On December 10[,] I was dispatched to a crane operator job at Dundalk Marine Terminal where upon arrival I was advised that I would be paid to not work and to go home. When I asked the superintendent Brad to give me written permission to leave, (which I though[t] was reasonable

considering if an employee is not present for a random urinalysis the employee will be suspended from employ[ment] for 60 days!)

ECF 15 at 5.[1]

## II. PROCEDURAL HISTORY

The EEOC issued Plaintiff a Notice of Right to Sue letter on February 27, 2023. ECF 20. Two months later, Plaintiff filed an original complaint against "Ports of America Baltimore Inc" and "the Steamship Trade Association of Baltimore Inc." ECF 1. He never served those defendants with the original complaint, which had, as its only allegations of fact:

> Exclusion discrimination. Many lesser senior non[-]African American colleagues were trained in advanced equipment, promoted[,] and allowed to work for a higher pay rate. At the same time similarly [situated] African Americans were denied training, promotion[,] and the opportunity to work for a higher rate of pay.

ECF 1 at 6.

On May 2, 2023, Plaintiff filed an Amended Complaint substituting two new defendants for the two he had originally named. ECF 3. The sole defendants in the Amended Complaint are "Matthew Leech (CEO) Ports America Group" and "David Hartman (CEO) Steamship Trade Association." *Id.* This Court issued an Order requiring Plaintiff to file a Second Amended Complaint to clarify whether he sought to sue only Leech and Hartman or also their respective agencies. ECF 4. This Court also noted that Plaintiff needed to provide additional information about how each named defendant participated in the alleged discriminatory conduct. *Id.*

Plaintiff eventually filed a Second Amended Complaint on May 30, 2023. ECF 5. This time, Plaintiff named only Ports of America Group Baltimore Inc. ("PAGBI") as a defendant, removing all of the other defendants. *Id.* Once again, Plaintiff never served the Second Amended

---

[1] For all pincites, this Court uses the ECF page numbers at the top of the page rather than the page numbers at the bottom of the page.

Complaint. As a result, this Court dismissed the case on December 13, 2023 for failure to prosecute. ECF 11.

Plaintiff subsequently requested reconsideration of the dismissal, which this Court granted. ECF 12, 13. Instead of serving the Second Amended Complaint on PAGBI, however, Plaintiff filed, on February 9, 2024, the Third Amended Complaint ("TAC") which is the subject of the instant motion and names a new entity, PACL, as the sole defendant. ECF 15. Service was effectuated on February 12, 2024. ECF 16.

### III. ANALYSIS

PACL contends that Plaintiff's TAC must be dismissed for two independent reasons: because it (1) was untimely filed against PACL and does not relate back to the original Complaint and (2) fails to state a discrimination claim. ECF 17. This Court agrees with both reasons.

First, a Title VII claim must be filed within 90 days of receipt of a right-to-sue letter from the Equal Employment Opportunity Commission (EEOC). 42 U.S.C. § 2000e-5(f)(1). Here, the right-to-sue letter issued on February 27, 2023, ECF 20, and Plaintiff did not sue PACL until almost one year later, on February 9, 2024, ECF 15. Because the ninety-day filing requirement is "strictly construed," *Lewis v. Norfolk S. Corp.*, 271 F. Supp. 2d 807, 811 (E.D. Va. 2003) (citing *Harvey v. City of New Bern Police Dep't*, 813 F.2d 652 (4th Cir. 1987)), Plaintiff's claims are obviously untimely unless the filing of the TAC relates back to the timely filed original Complaint.

Federal Rule of Civil Procedure 15(c) states:

(1) An amendment to a pleading relates back to the date of the original pleading when:

. . .

(B) the amendment asserts a claim or defense that arose out of the conduct, transaction, or occurrence set out—or attempted to be set out—in the original pleading; or

> (C) the amendment changes the party or the naming of the party against whom a claim is asserted, if Rule 15(c)(1)(B) is satisfied and if, within the period provided by Rule 4(m) for serving the summons and complaint, the party to be brought in by amendment:
>
>> (i) received such notice of the action that it will not be prejudiced in defending on the merits; and
>>
>> (ii) knew or should have known that the action would have been brought against it, but for a mistake concerning the proper party's identity.

FED. R. CIV. P. 15(c).

Neither of those criteria presents in this case. The factual assertions in the TAC, which relate to four separate incidents of Plaintiff being told he could not operate a crane, are unrelated to the discrimination allegations in the original Complaint, which relate to African American employees being denied the opportunity to be "trained in advanced equipment, promoted, and allowed to work for a higher pay rate." *Compare* ECF 15, *with* ECF 1. There is no mention in the original Complaint about denial of opportunities to operate a crane or to fulfill job requirements. *See* ECF 1. Thus, provision (c)(1)(B) is inapplicable since the TAC's claims do not arise out of the claim alleged in the original pleading. Provision (c)(1)(C) does not apply for the same reason. It also does not apply because the TAC and summons were not served within the 120-day time period provided in Rule 4(m). They were served on February 12, 2024, 291 days after the original Complaint was filed on April 27, 2023. ECF 16. Because neither relevant provision of Rule 15(c) is satisfied, the TAC does not relate back to the original Complaint. The TAC is therefore untimely filed and must be dismissed.

In addition, however, the TAC fails to state a claim upon which relief can be granted. To survive a motion to dismiss for failure to state a claim, a complaint must "state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 570 (2007). At present, the TAC does not even contain allegations that Plaintiff is a member of a protected class (such as a

particular race), and certainly does not link the four times he was told he could not operate a crane to his race or protected status. ECF 15 at 5. For one of the four incidents, Plaintiff does allege that he was replaced by a white crane operator, but there is insufficient information alleged about that white crane operator (or about Plaintiff) to plausibly suggest that the two employees are similarly situated. *Id.* "The similarity between comparators . . . must be clearly established in order to be meaningful." *Lightner v. City of Wilmington*, 545 F.3d 260, 265 (4th Cir. 2008). In the absence of any facts supporting a plausible discrimination claim based on a protected class, the TAC must be dismissed.

## IV. CONCLUSION

For the reasons set forth above, PACL's Motion to Dismiss, ECF 17, is GRANTED. The TAC is dismissed without prejudice and this case will be CLOSED. A separate Order is filed herewith.

Dated: April 24, 2024

/s/
Stephanie A. Gallagher
United States District Judge